IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Criminal Action No. 23-02-CFC |
| MELANIE JEAN MITCHELL, | |
| Defendant. | |

## **MEMORANDUM ORDER**

Pending before me is a Petition to Claim Property (D.I. 39) filed by third-party claimant David Mitchell.  Mitchell, proceeding *pro se*, claims an interest in a 2012 Buick Enclave and $6,370 in U.S. Currency (the Subject Property) that I ordered to be forfeited to the Government under 21 U.S.C. §§ 853 and 881.  I issued the forfeiture order because the Government had established the requisite nexus between the Subject Property and Defendant Melanie Mitchell's and Co-Defendant Vincent Mitchell's possession with intent to distribute a controlled substance on or about July 13, 2022.  See D.I. 3 at 1; D.I. 25 ¶ 1; D.I. 37 ¶ 2; *USA v. Vincent Thomas Mitchell*, Cr. No. 23-03, D.I. 3 at 1; Cr. No. 23-03, D.I. 26 ¶ 1; Cr. No. 23-03, D.I. 38 ¶ 2.

After a preliminary order of forfeiture is entered in a criminal proceeding, a third party claiming an interest in forfeited property may "petition[] the court for an ancillary proceeding in which to adjudicate the validity of that property interest." *United States v. Nolasco*, 354 F. App'x 676, 678 (3d Cir. 2009) (citing 21 U.S.C. § 853(n)(2)). The third-party claimant's petition must be filed under 21 U.S.C. § 853(n), which "provides the exclusive means for asserting a legal interest in property which has been ordered forfeited to the United States in a criminal case." *United States v. Rashid*, 373 F. App'x 234, 238 (3d Cir. 2010). Courts "can amend the forfeiture order if the third party shows that she either (1) was a bona fide purchaser for value or (2) has an interest in the forfeited property that was vested or superior at the time of the crime." *United States v. Hallinan*, 75 F.4th 148, 151 (3d Cir. 2023) (citations omitted); *see also* § 853(n)(6). "[I]f a third party's interest in the forfeited property, at the time of the criminal acts, was superior to the criminal defendant's interest, then the interest that the government acquires when it steps into the defendant's shoes is subordinate to that of the third party." *United States v. Lavin*, 942 F.2d 177, 185 (3d Cir. 1991).

In this case, David Mitchell does not claim to be a bona fide purchaser of the Subject Property. *See* D.I. 39 at 2. Thus, I can only amend the forfeiture order if

2

David Mitchell "has an interest in the forfeited property that was vested or superior at the time of the crime." *See Hallinan*, 75 F.4th at 151.

In his petition, David Mitchell writes:

> I loaned my son $10,000 for his bills to help him catch up on [debt] with a [promissory] note. The Buick he had bought with his whole [disability] check from [b]eing out of work – hurting his back. [T]he cash found [was] remaining cash from my loan. Vincent was suppose[d] to pay back with interest sum of $10,777.00 [within] 12 months[.] The Buick was my collateral due at time the note had defaulted. The money that was saved Melanie was getting dental work. Melanie's teeth have been infected and had appointment to get work done.

D.I. 39 at 2. In essence, David Mitchell is arguing that he has an interest in the Subject Property superior to both Melanie Mitchell's and Vincent Mitchell's interests because he had loaned the forfeited cash to Vincent Mitchell through a promissory note and the 2012 Buick Enclave served as collateral for that note.

The "Standard Promissory Note" (the Note) between David Mitchell and Vincent Mitchell reads in relevant part as follows:

> FOR VALUE RECEIVED, the undersigned, Vincent Mitchell ("Borrower"), hereby promises to pay to the David Mitchell ("Lender"), the principal sum of $10,000 (the "Principal Amount") together with interest on the unpaid Principal Amount in accordance with the terms set forth below

3

- **Payment**

The Borrower shall:
[M]ake 36 equal payments of two-hundred-seventy-seven-77/100 dollars ($277.77) each, every month [] starting on 6/25/22 and ending on 6/25/25. . . .

- **Term**

This Note will mature, and be due and payable in full, on 6/25/25 (the **"Maturity Date"**)

- **Default**

Where the Borrower fails to pay the Note in full on the Maturity Date or has failed to make an installment payment due within 15 days of the Maturity Date, all unpaid principal shall accrue interest at the rate of two percent (2%) per annum OR at the maximum rate allowed by law, whichever is less, until the Borrower is no longer in default.

* * * *

- **Security**

  - This Note is secured by 2012 Buick Enclave VIN # [redacted] (The **"Security"**).
  - The Security may not be sold or transferred without the lender's consent until the Maturity Date.
  - If Borrower breaches this provision, the Lender may declare all sums due under this Note immediately due and payable, unless where prohibited by the Governing Law.
  - The Lender shall have the sole-option to accept the Security as full-payment for the Principal Amount

> without further liabilities or obligations. If the market value of the Security does not exceed the Principal Amount, the Borrower shall remain liable for the balance due while accruing interest at the maximum rate allowed by law.

D.I. 39-1 at 1–3.

Under the express terms of the Note, at the time of the crime—July 13, 2022—David Mitchell had neither a vested interest in the Subject Property nor an interest in the Subject Property superior to Vincent Mitchell's interest. The Note states in the "Default" section that a default occurs "[w]here the Borrower fails to pay the Note in full on the Maturity Date or has failed to make an installment payment due within 15 days of the Maturity Date[.]" D.I. 39-1 at 1. And because the Maturity Date on the Note is June 25, 2025, the earliest that Vincent Mitchell could be in default is June 10, 2025—not "within 12 months" as David Mitchell claims in his petition. D.I. 39-1 at 1; D.I. 39 at 2. Thus, David Mitchell has no right to the Subject Property before June 10, 2025, and Vincent Mitchell's interest in the Subject Property was superior to David Mitchell's interest as of July 13, 2022. Accordingly, David Mitchell does not meet any of the relevant provisions of § 853(n) that would allow for amendment of the forfeiture order. *See* § 853(n)(6); *Hallinan*, 75 F.4th at 151.

5

NOW THEREFORE, at Wilmington on this Eleventh day of April in 2024, it is HEREBY ORDERED that Claimant David Mitchell's Petition to Claim Property (D.I. 39) is DISMISSED.

_____
CHIEF JUDGE